## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ICONTROL NETWORKS, INC.,  )
a Delaware corporation,  )
      )
      Plaintiff,  )
      )   CASE NO.:
      v.  )
      )   **JURY TRIAL DEMANDED**
SECURENET TECHNOLOGIES LLC,  )
a Delaware limited liability company,  )
      )
      Defendant.  )

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Icontrol Networks, Inc. ("Icontrol"), by its attorneys and for its Complaint, hereby alleges and states as follows:

## THE PARTIES

1.      Icontrol is a Delaware corporation having its principal place of business at 555 Twin Dolphin Drive, Suite 280, Redwood City, California 94065.

2.      On information and belief, Defendant SecureNet Technologies, LLC, dba SecureNet Interactive Technologies LLC, ("SecureNet") is a Delaware limited liability company having its principal place of business at 1135 Townpark Avenue, Suite 2155, Lake Mary, Florida, 32746.

## THE NATURE OF THE ACTION

3.      On December 21, 2010, the USPTO issued United States Patent No. 7,855,635 ("the '635 patent"), entitled "Method and System For Coupling An Alarm System To An External Network".  Icontrol is the owner and assignee of all right, title and interest in and to the '635 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '635 patent is attached hereto as Exhibit 1.

4.      On June 25, 2013, the USPTO issued United States Patent No. 8,473,619 ("the '619 patent"), entitled "Security Network Integrated with Premise Security System".  Icontrol is the owner and assignee of all right, title and interest in and to the '619 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '619 patent is attached hereto as Exhibit 2.

5.      On July 2, 2013, the USPTO issued United States Patent No. 8,478,844 ("the '844 patent"), entitled "Forming a Security Network Including Integrated Security System Components and Network Devices".  Icontrol is the owner and assignee of all right, title and interest in and to the '844 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '844 patent is attached hereto as Exhibit 3.

6.      On December 6, 2011, the USPTO issued United States Patent No. 8,073,931 ("the '931 patent"), entitled "Networked Touchscreen with Integrated Interfaces".  Icontrol is the owner and assignee of all right, title and interest in and to the '931 patent and holds the right to sue and recover damages for infringement thereof, including past damages.  A true and correct copy of the '931 patent is attached hereto as Exhibit 4.

7.      Icontrol is informed and believes, and thereon alleges, that SecureNet infringes one or more claims of '635, '931, '619, and '844 patents (collectively, "the Asserted Patents") literally or under the doctrine of equivalents, under 35 U.S.C. §271(a)-(c), as alleged below.

## JURISDICTION AND VENUE

8.      This action arises under the Patent Laws of the United States, codified at Title 35, United States Code §101, et seq.  Accordingly, subject matter jurisdiction of this Court exists under at least 28 U.S.C. §§1331 and 1338(a).

9.      On information and belief, this Court has personal jurisdiction over SecureNet because SecureNet is a Delaware limited liability company and therefore resides in this district. Further, on information and belief SecureNet has committed acts of infringement in this district.

10.      On information and belief, SecureNet is doing business in this district by making, using, offering for sale, and/or selling its products including, but not limited to, products that practice the subject matter of the Asserted Patents, including, without limitation, its various "Interactive Gateway Modules" such as (again, without limitation) its "SecureNet GSM Interactive Gateway" and various other gateway modules; its "Video Pro" system; its "Remote Control" system; SecureNet Platform; SmartLink mobile app; and the Helix wireless security system. Various combinations of the aforementioned products are packaged and sold under its "Interactive," "Lifestyle," and "Lifestyle Premium" packages (collectively, "Accused Products").

11.      On information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400 because SecureNet is a Delaware limited liability company and therefore resides in this district. Further, on information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and 1400 because SecureNet has committed acts of infringement in this district. On information and belief, SecureNet is doing business in this district by making, using, offering for sale, and/or selling its products including, but not limited to, products that practice the subject matter of the Asserted Patents, including without limitation the Accused Products.

## SECURENET'S KNOWLEDGE OF THE ASSERTED PATENTS

12.      For the reasons discussed herein, on information and belief, SecureNet either had actual knowledge of the Asserted Patents and/or their respective applications prior to this action or willfully blinded itself to the existence of those patents.

13.     Icontrol is informed and believes that SecureNet first obtained knowledge of the Asserted Patents prior to this action through the instances of direct competition between Icontrol and SecureNet as well as the numerous interactions between the two companies.  Icontrol and SecureNet have directly competed for one or more customer accounts.  On information and belief, during the process of this direct competition, SecureNet learned of the Asserted Patents.

14.     On information and belief, SecureNet independently learned about the Asserted Patents because it researched Icontrol.  SecureNet and Icontrol are both members of the Z-Wave Alliance.  On information and belief, SecureNet researched Icontrol not only because of this mutual membership in the Z-Wave Alliance, but moreover because they have directly competed for one or more customer accounts, SecureNet affirmatively investigated Icontrol and its patent portfolio, at which time SecureNet learned about the Asserted Patents.

15.     On information and belief, as part of SecureNet's investigation of Icontrol, SecureNet visited Icontrol's website, where the Asserted Patents are, and have been, prominently displayed.

16.     On information and belief, as part of its investigation about Icontrol, SecureNet further independently learned about at least the '931, '619, and '844 patents on account of a patent infringement lawsuit brought by Icontrol on July 10, 2013, against Alarm.com Inc. and Frontpoint Security Solutions LLC that involved the aforementioned patents.

17.     On information and belief, SecureNet was aware of a publication by Imperial Capital entitled "Security Industry Monitor," dated March 2014.

18.     On information and belief, SecureNet is aware of U.S. Patent Application No. 13/311,365, which will issue as U.S. Patent No. 9,141,276 and was published on October 11, 2012, because it is displayed on Icontrol's website at http://www.icontrol.com/patents/.

19.     That publication states that "Alarm.com and iControl Networks have been and remain from our past publications <u>the best known companies</u> providing interactive wireless software platforms to the security and cable-telecom industries."  (emphasis added).

20.     SecureNet willfully blinded itself to the Asserted Patents to the extent that it lacked affirmative knowledge of the Asserted Patents prior to this publication and/or failed to investigate Icontrol, one of the "best known" companies in the applicable industry.

21.     On September 16, 2014, Icontrol filed a complaint against SecureNet alleging infringement of the '635, '619, and '844 patents, and other Icontrol patents.  The patents asserted in that action expressly reference the '931 patent as a related patent.  Accordingly, SecureNet had actual knowledge of the Asserted Patents no later than the filing of the Complaint in that action, *Icontrol Networks, Inc. v. SecureNet Technologies, LLC*, Case No. 1:14-cv-001198 ("First Action").

22.     Discovery in the First Action commenced, and Icontrol propounded discovery requests to garner information regarding SecureNet's non-infringement contentions.  SecureNet refused to respond substantively, and instead filed two motions to dismiss.

23.     The Court held a scheduling conference in the First Action on February 27, 2015.  After the conference, Icontrol filed a Joint Motion to voluntarily dismiss its claims against SecureNet without prejudice.

24.     The Court dismissed the First Action on March 18, 2015.  After the dismissal was granted, Icontrol and SecureNet engaged in further discussions relating to Icontrol's patents.

25.     On information and belief, SecureNet misrepresented the lawsuit's dismissal by, in part, informing industry members that Icontrol did not have a meritorious case and neglecting

to mention that SecureNet had previously represented to Icontrol that it had prepared non-infringement contentions and had analyzed prior art references.

26.     To date, almost one year after Icontrol filed its initial complaint in the First Action, SecureNet has never identified a single non-infringement argument or prior art reference. SecureNet has never rebutted Icontrol's claim charts showing infringement of the '635, '619, and '844 patents.  SecureNet's failure to identify any non-infringement argument or prior art reference—despite Icontrol's repeated requests for such materials—after nearly one year confirms that SecureNet willfully infringes.

27.     SecureNet has known of the existence of the Asserted Patents, and its acts of infringement have been willful and in disregard for the Asserted Patents, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

**FIRST CAUSE OF ACTION: INFRINGEMENT OF THE '635 PATENT**

28.     Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

29.     Icontrol is the assignee and sole owner of all right, title, and interest in the '635 patent.

30.     Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that SecureNet has infringed and continues to infringe at least claim 1 of the '635 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Icontrol expects to assert additional claims of the '635 patent.

31.     Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and believes that SecureNet has caused, urged, encouraged and/or aided and continues to cause, urge,

encourage, and/or aid third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '635 patent. These actions include, but are not limited to: advertising the infringing products and their infringing use; establishing distribution channels for these infringing products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to SecureNet's customers and prospective customers; and/or providing technical support or other services for the Accused Products to SecureNet's customers and prospective customers. On information and belief, SecureNet has taken these actions with full knowledge of the '635 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '635 patent. On information and belief, these third-parties in fact have directly infringed the '635 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

32.     Regarding infringement under U.S.C. §271(c), Icontrol is informed and believes that SecureNet contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (e.g., retailers, service providers, consumer electronics OEMs, and system integrators). These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '635 patent. Thus, the Accused Products and their related components constitute material parts of the '635 patent. Moreover, the third parties' actions constitute direct infringement of the'635 patent.

33.     Upon information and belief, SecureNet knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted

for use in infringing the '635 patent. Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '635 patent. For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

34. Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, SecureNet will continue to infringe the '635 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

35. Icontrol is informed and believes that SecureNet's infringement of the '635 patent has been, and continues to be knowing, intentional, and willful.

36. Icontrol has and will continue to suffer damages as a result of SecureNet's infringement of the '635 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. §284 in an amount to be determined at trial.

**SECOND CAUSE OF ACTION: INFRINGEMENT OF THE '619 PATENT**

37. Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

38. Icontrol is the assignee and sole owner of all right, title, and interest in the '619 patent.

39. Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that SecureNet has infringed and continues to infringe at least claim 1 of the '619 patent in this district and elsewhere, by making, using, offering for sale,

and/or selling at least the Accused Products within the United States.  Icontrol expects to assert

additional claims of the '619 patent.

40.     Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and

believes that SecureNet has caused, urged, encouraged and/or aided and continues to cause, urge,

encourage, and/or aid third parties (*e.g.*, retailers, service providers, consumer electronics OEMs,

and system integrators) to directly infringe one or more claims of the '619 patent.  These actions

include, but are not limited to: advertising the infringing products and their infringing use;

establishing distribution channels for these infringing products in the United States; drafting,

distributing or making available datasheets, instructions, or manuals for the Accused Products to

SecureNet's customers and prospective customers; and/or providing technical support or other

services for the Accused Products to SecureNet's customers and prospective customers.  On

information and belief, SecureNet has taken these actions with full knowledge of the '619 patent,

and acted with the specific intent to induce one or more of these third parties to infringe the '619

patent.  On information and belief, these third-parties in fact have directly infringed the '619

patent by making, using, offering to sell, and/or selling products containing, using, or

incorporating the Accused Products.

41.     Regarding infringement under U.S.C. §271(c), Icontrol is informed and believes

that SecureNet contributed and continues to contribute to infringement by selling, offering to

sell, and/or importing the Accused Products and related components to third parties (e.g.,

retailers, service providers, consumer electronics OEMs, and system integrators).  These third

parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the

Accused Products and related components and use the Accused Products and related components

to practice the claimed inventions of the '619 patent.  Thus, the Accused Products and their

related components constitute material parts of the '619 patent.  Moreover, the third parties'

actions constitute direct infringement of the'619 patent.

42.      Upon information and belief, SecureNet knows, for the reasons described above,

that the Accused Products and related components are especially made and/or especially adapted

for use in infringing the '619 patent.  Moreover, these components and apparatuses are not staple

articles of commerce suitable for substantial non-infringing use, at least because the Accused

Products and related components have no use apart from making and/or using the inventions as

claimed in the '619 patent.  For example and without limitation, the Accused Products are used

only in conjunction with or as part of the claimed apparatuses and methods.

43.      Icontrol is informed and believes, and thereon alleges, that unless enjoined by this

Court, SecureNet will continue to infringe the '619 patent, and Icontrol will continue to suffer

irreparable harm for which there is no adequate remedy at law.  Accordingly, Icontrol is entitled

to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

44.      Icontrol is informed and believes that SecureNet's infringement of the '619 patent

has been, and continues to be knowing, intentional, and willful.

45.      Icontrol has and will continue to suffer damages as a result of SecureNet's

infringement of the '619 patent, and is entitled to compensation for such damages pursuant to 35

U.S.C. §284 in an amount to be determined at trial.

### THIRD CAUSE OF ACTION: INFRINGEMENT OF THE '844 PATENT

46.      Icontrol realleges and incorporates by reference the allegations of all the

preceding paragraphs of the Complaint as though fully set forth herein.

47.      Icontrol is the assignee and sole owner of all right, title, and interest in the '844

patent.

48.     Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that SecureNet has infringed and continues to infringe at least claim 1 of the '844 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Icontrol expects to assert additional claims of the '844 patent.

49.     Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and believes that SecureNet has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '844 patent.  These actions include, but are not limited to: advertising the infringing products and their infringing use; establishing distribution channels for these infringing products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to SecureNet's customers and prospective customers; and/or providing technical support or other services for the Accused Products to SecureNet's customers and prospective customers.  On information and belief, SecureNet has taken these actions with full knowledge of the '844 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '844 patent.  On information and belief, these third-parties in fact have directly infringed the '844 patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

50.     Regarding infringement under U.S.C. §271(c), Icontrol is informed and believes that SecureNet contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (e.g., retailers, service providers, consumer electronics OEMs, and system integrators).  These third

parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '844 patent.  Thus, the Accused Products and their related components constitute material parts of the '844 patent.  Moreover, the third parties' actions constitute direct infringement of the '844 patent.

51.    Upon information and belief, SecureNet knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '844 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '844 patent.  For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

52.    Icontrol is informed and believes that SecureNet's infringement of the '844 patent has been, and continues to be knowing, intentional, and willful.

53.    Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, SecureNet will continue to infringe the '844 patent, and Icontrol will continue to suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Icontrol is entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

54.    Icontrol has and will continue to suffer damages as a result of SecureNet's infringement of the '844 patent, and is entitled to compensation for such damages pursuant to 35 U.S.C. §284 in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION: INFRINGEMENT OF THE '931 PATENT**

55.     Icontrol realleges and incorporates by reference the allegations of all the preceding paragraphs of the Complaint as though fully set forth herein.

56.     Icontrol is the assignee and sole owner of all right, title, and interest in the '931 patent.

57.     Regarding infringement under 35 U.S.C. §271(a), Icontrol is informed and believes, and thereon alleges, that SecureNet has infringed and continues to infringe at least claim 1 of the '931 patent in this district and elsewhere, by making, using, offering for sale, and/or selling at least the Accused Products within the United States.  Icontrol expects to assert additional claims of the '931 patent.

58.     Regarding infringement under 35 U.S.C. §271(b), Icontrol is informed and believes that SecureNet has caused, urged, encouraged and/or aided and continues to cause, urge, encourage, and/or aid third parties (*e.g.*, retailers, service providers, consumer electronics OEMs, and system integrators) to directly infringe one or more claims of the '931 patent.  These actions include, but are not limited to: advertising the infringing products and their infringing use; establishing distribution channels for these infringing products in the United States; drafting, distributing or making available datasheets, instructions, or manuals for the Accused Products to SecureNet's customers and prospective customers; and/or providing technical support or other services for the Accused Products to SecureNet's customers and prospective customers.  On information and belief, SecureNet has taken these actions with full knowledge of the '931 patent, and acted with the specific intent to induce one or more of these third parties to infringe the '931 patent.  On information and belief, these third-parties in fact have directly infringed the '931

patent by making, using, offering to sell, and/or selling products containing, using, or incorporating the Accused Products.

59.     Regarding infringement under U.S.C. §271(c), Icontrol is informed and believes that SecureNet contributed and continues to contribute to infringement by selling, offering to sell, and/or importing the Accused Products and related components to third parties (e.g., retailers, service providers, consumer electronics OEMs, and system integrators).  These third parties then make, use, sell, or offer to sell products, devices, or systems that incorporate the Accused Products and related components and use the Accused Products and related components to practice the claimed inventions of the '931 patent.  Thus, the Accused Products and their related components constitute material parts of the '931 patent.  Moreover, the third parties' actions constitute direct infringement of the'931 patent.

60.     Upon information and belief, SecureNet knows, for the reasons described above, that the Accused Products and related components are especially made and/or especially adapted for use in infringing the '931 patent.  Moreover, these components and apparatuses are not staple articles of commerce suitable for substantial non-infringing use, at least because the Accused Products and related components have no use apart from making and/or using the inventions as claimed in the '931 patent.  For example and without limitation, the Accused Products are used only in conjunction with or as part of the claimed apparatuses and methods.

61.     Icontrol is informed and believes that SecureNet's infringement of the '931 patent has been, and continues to be knowing, intentional, and willful.

62.     Icontrol is informed and believes, and thereon alleges, that unless enjoined by this Court, SecureNet will continue to infringe the '931 patent, and Icontrol will continue to suffer

irreparable harm for which there is no adequate remedy at law.  Accordingly, Icontrol is entitled

to permanent injunctive relief against such infringement pursuant to 35 U.S.C. §283.

63.     Icontrol has and will continue to suffer damages as a result of SecureNet's

infringement of the '931 patent, and is entitled to compensation for such damages pursuant to 35

U.S.C. §284 in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Icontrol prays that this Court:

a.      Declare that SecureNet has infringed one or more claims of the Asserted

Patents;

b.      Permanently enjoin SecureNet and its officers, agents, representatives,

distributors, wholesalers, retailers, licensees, servants, employees, attorneys, successors, assigns,

parent or subsidiary corporations, and affiliates, and all persons acting in active concert or

participation with it, from infringing, inducing others to infringe, or contributing to the

infringement of the Asserted Patents;

c.      Award Icontrol damages in an amount adequate to compensate Icontrol for

SecureNet's acts of infringement, including without limitation on the basis of a reasonable

royalty and for lost profits, together with interest thereon, in an amount to be proven at trial, in

accordance with 35 U.S.C. §§154(d) and 284;

d.      Find that this case is exceptional and award Icontrol in an amount up to

three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

e.      Find that this case is exceptional and award Icontrol its respective costs

and expenses for SecureNet's infringement, including reasonable attorneys' fees, in accordance

with the provisions of 35 U.S.C. §285 or other statutes;

f.      Award Icontrol pre-judgment and post-judgment interest at the highest

rates allowed by law; and

g.      Award Icontrol any other relief, in law and in equity, to which the Court

finds Icontrol is justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Icontrol demands a trial

by jury of this action.


Dated:  September 11, 2015             */s/ Richard K. Herrmann*
                                       Richard K. Herrmann (I.D. No. 405)
                                       Mary B. Matterer (I.D. No. 2696)
                                       MORRIS JAMES LLP
                                       500 Delaware Avenue, Suite 1500
                                       Wilmington, DE  19801
                                       (302) 888-6800
                                       rherrmann@morrisjames.com
                                       mmatterer@morrisjames.com

                                       *Attorneys for Plaintiff Icontrol Networks, Inc.*

OF COUNSEL:

James C. Yoon
Ryan R. Smith
Christopher D. Mays
Mary A. Procaccio-Flowers
WILSON SONSINI GOODRICH & ROSATI P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
650-493-9300