**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

(302) 658-9200
(302) 658-3989 FAX

STEPHEN J. KRAFTSCHIK
(302) 351-9378
(302) 498-6233 FAX
skraftschik@mnat.com

December 20, 2018

The Honorable Richard G. Andrews                                   **BY E-FILING**
United States District Court
 for the District of Delaware
844 North King Street
Wilmington, DE 19801

Re:   <u>Alarm.com Inc., et al. v. SecureNet Technologies LLC,</u> C.A. No.15-807 (RGA)

Dear Judge Andrews:

I write on behalf of Defendant SecureNet Technologies, LLC ("SecureNet") to request permission to submit a fourth motion *in limine* ("MIL") with the pretrial order due to be submitted on January 9, 2019 (*see* D.I. 171) in advance of the pretrial conference scheduled for January 17, 2019 at 3:30 p.m.  The parties have met and conferred and Plaintiffs stated that they oppose SecureNet's request for a fourth MIL.

SecureNet requests permission to submit a fourth MIL because Plaintiffs are forcing SecureNet to use one of their three allotted MILs to request that the court exclude all evidence regarding the denial of a number of petitions for *Inter Partes* Review ("IPR").  The Court has consistently granted motions to exclude evidence related to IPR proceedings, particularly where the IPR proceedings at issue were simply denials of petitions.  *See Bio-Rad Labs., Inc. v. 10X Genomics*, C.A. No. 15-152-RGA, D.I. 371 (D. Del. Oct. 12, 2018) ("Regarding the IPR decisions, failure to institute an IPR has little or no probative value. To the extent there is any probative value, it is substantially outweighed by the risk of confusing the issues, misleading the jury, and undue delay for time spent providing appropriate context."); *accord Nox Med. EHF v. Natus Neurology Inc.*, C.A. No. 15-709-RGA, D.I. 240 at 2 (D. Del. Apr. 12, 2018); *Interdigital Commc'ns Inc. v. Nokia Corp.*, C.A. No. 13-10-RGA, 2014 WL 8104167, at *1 (D. Del. Sept. 19, 2014).  Indeed, only two months ago, this Court stated that "in my history, [IPR] never had enough relevance to come in." *Acceleration Bay, LLC v. Activision Blizzard, Inc.*, C.A. No. 15-453-RGA, D.I. 606, Tr. at 102:6-7 (D. Del. Oct. 19, 2018) (Ex. A).

SecureNet provided case law to Plaintiffs and requested that Plaintiffs agree that the denials of IPR petitions would not be used at trial, consistent with the Court's previous orders

The Honorable Richard G. Andrews
December 20, 2018
Page 2

on this very issue. Despite the clear case law from this Court, and no distinguishing facts that would make the denials of IPR in this case more relevant than in the previous cases where this Court excluded such evidence, Plaintiffs have declined to agree not to use the IPR evidence at trial.

Plaintiffs' continued insistence that the IPR evidence will be admissible at trial is unreasonable and will force SecureNet to use one of its three MILs on an issue that this Court has already clearly decided. Although SecureNet is prepared to submit a full MIL to address the inadmissibility of IPR proceedings, SecureNet requests permission to submit a fourth MIL so that it is not prejudiced by Plaintiffs' failure to agree not to use clearly inadmissible evidence at trial.

Respectfully,

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

SJK:ncf
Enclosure
cc: Clerk of Court (by hand delivery)
      All Counsel of Record (by e-mail)