## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALARM.COM, INC. and<br>ICN ACQUISITION, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SECURENET TECHNOLOGIES LLC,<br><br>Defendant. | )<br>) CASE NO.: 1:15-cv-00807 (RGA)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>) ▮▮▮▮▮▮▮▮▮▮<br>)<br>)   Redacted Version<br>)<br>)<br>)<br>)<br>) |

### JOINT [PROPOSED] PRETRIAL ORDER- Volume V

DATED: January 9, 2019

Kenneth L. Dorsney (#3726)
Morris James LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Plaintiffs*
*Alarm.com, Inc., and*
*ICN Acquisition, LLC*

Jack B. Blumenfeld (#1014)
Stephen J. Kraftschik (#5623)
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
skraftschik@mnat.com

*Attorneys for Defendant*
*SecureNet Technologies LLC*

10688847/1

**CERTIFICATE OF SERVICE**

I, Kenneth L. Dorsney, hereby certify that on January 9, 2019, the attached document

was electronically filed with the Clerk of the Court using CM/ECF which will send notification

to the registered attorney(s) of record that the document has been filed.

I further certify that on the same date the attached document was electronically mailed to

counsel of record.

Dated: January 9, 2018

        /s/ Kenneth L. Dorsney
Mary B. Matterer (#2696)
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com
kdorsney@morrisjames.com

*Attorneys for Plaintiff*

# Exhibit 15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALARM.COM, INC. and
ICN ACQUISITION, LLC,

    Plaintiffs,

v.

SECURENET TECHNOLOGIES LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  1:15-cv-00807 (RGA)

**JURY TRIAL DEMANDED**

██████████████

## EXHIBIT 15

### <u>SECURENET'S MOTION *IN LIMINE* NO. 3</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ALARM.COM, INC. and
ICN ACQUISITION, LLC,

    Plaintiffs,

v.

SECURENET TECHNOLOGIES LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  1:15-cv-00807 (RGA)

**JURY TRIAL DEMANDED**

███████████████

**EXHIBIT 15A**

**SECURENET'S MOTION *IN LIMINE* NO. 3**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALARM.COM, INC. and
ICN ACQUISITION, LLC,                    )
                                         )    CASE NO.:  1:15-cv-00807 (RGA)
            Plaintiffs,                   )
                                         )    **JURY TRIAL DEMANDED**
     v.                                   )
                                         )    ███████████████
SECURENET TECHNOLOGIES LLC,               )
                                         )
            Defendant.                    )
                                         )
                                         )
                                         )

**SECURENET TECHNOLOGIES LLC's MOTION *IN LIMINE* NO. 3:
PRECLUDE TESTIMONY OF DR. PAUL CLARK THAT IS CONTRARY TO THE
COURT'S CLAIM CONSTRUCTION**

SecureNet moves *in limine* to preclude Plaintiffs and their expert, Dr. Paul Clark, from offering testimony that contradicts the Court's claim construction order.

## I.    DR. CLARK IGNORES THE COURT'S CONSTRUCTION OF "CONNECTION MANAGEMENT COMPONENT"

Judge Sleet construed "connection management component" in the '619 and '844 patents as a means-plus-function term where the "**corresponding structure** is: 'software executing on a processor using the algorithms shown in Figures 12 and 14.'" D.I. 94 at 2-3 (emphasis in original). In reaching this construction, "[t]he court disagree[d]" with Plaintiffs' arguments that certain steps of Figures 12 and 14 were unrelated to the identified functions of the connection management component. *Id.* at 3 n.4 (noting Plaintiffs argued that "it would be legal error to find steps 1250 through 1270 of Figure 12 and 1460 through 1490 of Figure 14 related to the function of wireless coupling" and that the structure "would *not* include 1260 or 1270 . . . or 1460 through 1490").[1]

Despite the Court's clear indication that each step of Figures 12 and 14 must be performed for the "corresponding structure" of a connection management component to be present, Dr. Clark argues that steps 1210 and 1410 are not necessary. In his Supplemental Report, for the first time, Dr. Clark says:

> Dr. Polish is incorrect that what is identified in Figures 12 and 14 (items 1210 and 1410) are required claim steps. A POSITA would understand that in flow charts used to describe steps of a procedure, ovals represent entry points of a procedure, while rectangles represent steps to be performed. Items 1210 and 1410 are both ovals and represent the entry points of the procedures described in Figures 12 and 14, respectively – items 1210 and 1410 are not themselves steps to be performed.

(Ex. 1, Clark Suppl. Rpt. ¶ 24.) Dr. Clark should be precluded from testifying that steps 1210 and 1410 "are not themselves steps to be performed" because it directly contradicts the Court's claim construction of "connection management component."

---

[1] The Plaintiffs never argued that steps 1210 and 1410 should be excluded from the construction.

1

## II.    DR. CLARK IGNORES JUDGE SLEET'S BASIS FOR THE CONSTRUCTION OF "GATEWAY"

Judge Sleet's *Markman* Order (D.I. 94) construes the term "gateway" in the '619 and '844 patents as "a device at a first location for interconnecting a local area network and a separate security panel at a first location to a server at a second location." D.I. 94 at 2. In reaching this construction, Judge Sleet recognized that "[t]he parties' dispute centers on whether the 'gateway' is separate from an existing security panel.'" *Id.* at 2 n.3 (emphasis added). Having reviewed the parties' arguments, Judge Sleet concluded:

> the claims indicate that the "gateway" is separate from the security system. '619 Patent, Claim 1; *Markman* Hr'g Tr. 44:19-22. Claim 1 states that:
>
> > a *gateway located at a first location*; a connection management component coupled to the gateway and automatically establishing a wireless coupling with a *security system installed* at the first location . . .
>
> '619 Patent, Claim 1. The claim, therefore, suggests that the "security system" is already "install*ed*" when the "gateway" establishes a connection to the security system. . . . The court, therefore, finds that the "gateway" is separate from the security system based on the intrinsic record . . .

D.I. 94 at 2 n.3 (emphasis in original).

Dr. Clark ignores the requirement that a "gateway" must be "separate from the security system." Specifically, Dr. Clark appears to contend that manufacturer-installed Interactive Gateway Modules ("IGMs"), which he accuses as a "gateway," are "separate" if they can be physically removed from a security panel.



2

(Ex. 2, Clark Dep. Tr. at 135:14-136:4.) ███████████████████████

████████████████████████████████████████████████████████████

██████████████████████ (*See* Ex. 3, ¶¶ 267, 290 n.146, 311, 314 & n.154, 356, 366.)  If Dr.

Clark is allowed to argue that an IGM is "separate" from a security system solely because he "took

the panel apart" and "removed [the IGM] and replaced it," the Court's requirement that the

gateway be "separate" becomes meaningless.  Accordingly, Dr. Clark's infringement theory based

on manufacturer-installed IGMs violates the Court's claim construction and any related testimony

should be precluded.

### III.     CLAIM CONSTRUCTION IS AN ISSUE FOR THE COURT

The Court should exclude Dr. Clark's testimony that contradicts claim construction under

Federal Rules of Evidence 401, 402, and 403.  Expert testimony that contradicts the Court's claim

construction is "irrelevant to the question of infringement," *MarcTec, LLC v. Johnson & Johnson*,

664 F.3d 907, 913 (Fed. Cir. 2012), and "unreliable and unhelpful to the finder of fact."  *EMC*

*Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. Feb. 11, 2016) (internal citation

omitted).  Such testimony is also likely to mislead and confuse a jury.  *Sprint Commc'ns Co. L.P.*

*v. Cox Commc'ns Inc.*, 302 F. Supp. 3d 597, 624 (D. Del. 2017) (granting in part a motion to

exclude portions of an expert report involving contrary expert testimony to the court's claim

construction as likely to "mislead and confuse a jury").

For these reasons, the Court should preclude Dr. Clark from offering opinions at trial that

contradict the constructions of "gateway" and "connection management component" in this case.

3

# EXHIBIT 1

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT 3

# EXHIBIT REDACTED
# IN ITS ENTIRETY

# EXHIBIT 4
## FILED UNDER SEAL

# EXHIBIT REDACTED
# IN ITS ENTIRETY

EXHIBIT 5

                    IN THE UNITED STATES DISTRICT COURT

                    IN AND FOR THE DISTRICT OF DELAWARE

                                -  -  -

ALARM.COM, INC., a Delaware      )      Civil Action
corporation, and ICN             )
ACQUISITION, LLC, a Delaware     )
corporation,                     )
                                 )
          Plaintiffs,            )
                                 )
          v.                     )
                                 )
SECURENET TECHNOLOGIES LLC, a    )
Delaware limited liability       )
company,                         )
                                 )
          Defendant.             )      No. 15-807-GMS

                                -  -  -

                        Wilmington, Delaware
                        Tuesday, March 20, 2018
                             9:30 a.m.
                        Markman Hearing

                                -  -  -

BEFORE:   HONORABLE GREGORY M. SLEET, Senior Judge, U.S.
                                        District Court of
                                        Delaware

APPEARANCES:

          MARY B. MATTERER, ESQ.
          Morris James LLP
                  -and-
          JAMES C. YOON, ESQ.,
          MARY A. PROCACCIO-FLOWERS, ESQ., and
          IAN LISTON, ESQ.
          Wilson Sonsini Goodrich & Rosati
          (Palo Alto, CA)

                        Counsel for Plaintiffs

Case 1:15-cv-00807-RGA-CJB Document 91 Filed 03/29/18 Page 2 of 96 PageID #: 2052

2

APPEARANCES CONTINUED:

     JACK B. BLUMENFELD, ESQ.
     Morris Nichols Arsht & Tunnell LLP
            -and-
     ERIK B. MILCH, ESQ.,
     FRANK PIETRANTONIO, ESQ.,
     ANGELA TARASI, ESQ., and
     BRITTON DAVIS, ESQ.
     Cooley LLP
     (Reston, VA)

                 Counsel for Defendant SecureNet

                        -  -  -

THE COURT:  Good morning.  Counsel, please take your seats.  Let's start out with introductions for plaintiffs, please.

MS. MATTERER:  Good morning, Your Honor.  Mary Matterer from Morris James here on behalf of the plaintiffs Alarm.com and ICN Acquisition.

With me from the Wilson law firm are James Yoon, Mary Procaccio-Flowers, and Ian Liston.

(Counsel respond "Good morning, Your Honor.")

THE COURT:  Good morning.

Mr. Blumenfeld.

MR. BLUMENFELD:  Good morning, Your Honor.

Jack Blumenfeld from Morris Nichols for the defendant SecureNet.  With me, all from Cooley, are Eric Milch, Britton Davis, Angela Tarasi and Frank Pietrantonio. With Your Honor's permission, Mr. Milch, Mr. Davis and Ms. Tarasi will be splitting up the presentation this morning.

THE COURT:  Okay.  Sounds good.

By my count, we have four terms to discuss this morning.  Let me just tick them off and see if we are in agreement.  "Automatically" and variants of "automatically," we agree?

MR. MILCH:  Yes, Your Honor.

MR. YOON:  Yes, Your Honor.

THE COURT:  "Security system."  I don't see any

Do you see that, Your Honor?  There is "learn" or "learn mode."  Do you see that?  In the two figures, Figures 12 and 14, both of them use the term "learn system into WSP."

THE COURT:  Yes.

MR. YOON:  The key point, there was a whole discussion about Figure 14 being a more detailed version of Figure 12 and that you needed Figure 14 to understand Figure 12.  That was the point of counsel.

If you look at Figure 14, the learn mode is 1430, 1440, and 1450.  And if you look at those boxes and you read the text associated with 12, that is already in the text related to 12.  We don't believe that Figure 14 adds anything.  We believe that.

Figure 14 is an alternative, Your Honor.

The key point as to learn mode, while Box 1230 is one box and Figure 14 is three boxes, if you read the text description, they are very similar, and they are alternatives.  There is not text saying Figure 12 incorporates the algorithm of Figure 14.

Your Honor, sometimes you see flow diagrams where they say, A, and you go to the next page and A begins here (indicating).  That is not the situation here.  These are separately described embodiments.

Turning to the second function on Slide 56, the forming the security network by automatically discovering

# EXHIBIT 6
## FILED UNDER SEAL

# EXHIBIT REDACTED IN ITS ENTIRETY

# EXHIBIT 7
## FILED UNDER SEAL

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

ALARM.COM, INC. and
ICN ACQUISITION, LLC,

        Plaintiffs,

v.

SECURENET TECHNOLOGIES LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  1:15-cv-00807 (RGA)

**JURY TRIAL DEMANDED**

**EXHIBIT 15C**

**<u>SECURENET'S REPLY IN SUPPORT OF MOTION *IN LIMINE* NO. 3</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALARM.COM, INC. and
ICN ACQUISITION, LLC,

        Plaintiffs,

        v.

SECURENET TECHNOLOGIES LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.:  1:15-cv-00807 (RGA)

**JURY TRIAL DEMANDED**

████████████████

**SECURENET TECHNOLOGIES LLC'S REPLY IN SUPPORT OF
SECURENET'S MOTION *IN LIMINE* NO. 3:
PRECLUDE TESTIMONY OF DR. PAUL CLARK THAT IS CONTRARY TO THE
COURT'S CLAIM CONSTRUCTION**

Plaintiffs' statements that SecureNet waited more than five months before raising any concern over Dr. Clark's testimony or never moved to strike his expert report contradict the actual facts. D.I. 157; D.I. 164; Ex. 4 at 181:19-186:15. Moreover, Plaintiffs err by asserting that expert testimony may only be challenged under *Daubert*. SecureNet's motion does not address Dr. Clark's methodology or the sufficiency of the evidence he relies on, it merely seeks to preclude Dr. Clark from contradicting the Court's claim construction. The preclusion of testimony is appropriate for motions *in limine*. *See, e.g.*, *Johnson v. Portz*, 707 F. Supp. 2d 494, 501-02 (D. Del. 2010) (granting motion *in limine* precluding unsupported expert testimony).

Plaintiffs attempt to frame Dr. Clark's opinion that steps 1210 and 1410 could be entry points, instead of required "steps," as a factual dispute. Pls. Opp. at 2. Rather than rebutting SecureNet's motion, this confirms its need. The Court has already rejected Plaintiffs' arguments that other steps of these algorithms were unrelated to the structure of the "connection management component." *See* D.I. 94 at 2-3. Permitting Dr. Clark to testify that steps 1210 and 1410 are not required steps would fly in the face of the Court's order and reargue claim construction to the jury.

Regarding gateways, SecureNet does not dispute that IGMs can be installed in already-installed legacy security panels. But that is not the issue here. Instead, Dr. Clark takes a newly manufactured security panel and removes the installed IGM and calls it separate. Def's MIL 3 at 2-3. Plaintiffs assert that ███████████████████████████████████████ ████████████████████████████████████████████████████████████ Pls. Opp. at 3 (citing Ex. 4 at 170:4-14). But that argument only obfuscates the issue with Dr. Clark's testimony as ████████████████████████████████████████████ ████████████████████████████████████████████████. Clark should not be permitted to twist the Court's construction of gateway to apply to pre-installed IGMs.

1