IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALARM.COM, INC. and )
ICN ACQUISITION, LLC, )
)
Plaintiffs, )
)   CASE NO.:  1:15-cv-00807 (RGA)
v. )
)
SECURENET TECHNOLOGIES LLC, )
)
Defendant. )
)
)
_____ )

[~~PROPOSED~~] ORDER

The Court, having considered the parties' motions *in limine*, together with the briefing

and exhibits thereto, and argument thereon during the pretrial conference held January 17, 2019,

ORDERS as follows:

**Plaintiffs' Motion *in Limine* No. 1** (Prior Legal Proceedings):  Plaintiffs Alarm.com,

Inc. ("Alarm.com") and ICN Acquisition, LLC's (collectively, "Plaintiffs") Motion *in Limine*

No. 1 is GRANTED-IN-PART and DENIED-IN-PART as follows.  The motion is GRANTED

with respect to evidence, opinions, and argument concerning (1) *Icontrol Networks, Inc. v.

Alarm.com Incorporated, et al*, E.D. Va. Case No. 1:13-cv-834-LMB/IDD (the "2013 Case"),

and (2) other unrelated legal proceedings, such as antitrust litigation involving Alarm.com,

including Alarm.com's pleadings and expert reports from such litigation.  Positions taken by

Alarm.com during antitrust proceeding have virtually no probative value, and the prejudicial

value of this evidence would substantially outweigh whatever probative value it has. As

Plaintiffs have disclaimed, subject to the prior litigation not being introduced or otherwise

discussed before the jury by SecureNet, any intent to introduce evidence that the Alarm.com product addressed in prior patent litigation practices the Asserted Patents, these materials have also little or no probative value.   To the extent there is any probative value, it is substantially outweighed by the risk of confusing the issues, misleading the jury, and undue delay for time spent providing appropriate context. Fed. R. Evid. 403.  However, a witness's prior sworn statements in these actions may be used for purposes of impeachment and to that extent, the motion is DENIED.  Further, Defendant SecureNet Technologies LLC ("SecureNet" or "Defendant") is permitted to file a letter on or before January 23, 2019 explaining how 1) particular exhibits from the matters addressed above are relevant to prove a material fact in this matter or 2) the fact that Alarm.com was previously accused of infringing the Asserted Patents and asserted a defense of invalidity is necessary or relevant to this action.  Plaintiffs are permitted to file a responsive letter on or before January 25, 2019.

**Plaintiffs' Motion *in Limine* No. 2** (Negative Statements Regarding Competitors): Plaintiffs' Motion *in Limine* No. 2 is GRANTED-IN-PART and DENIED-IN-PART as follows: the emails and testimony identified by Plaintiffs in their motion,[1] as well as documents and testimony of a materially similar nature, are excluded as highly prejudicial and having little probative value. Fed. R. Evid. 403.  However, this exclusion is subject to reconsideration by the Court in the event Plaintiffs' witnesses testify they do not keep abreast of their competitors' activities.  In all other respects, the motion is DENIED.

---

[1] Specifically, Plaintiffs identified ALARM.COM-SECURNET-DE 0314326-031429 at 0314327-328 and ALARM.COM-SECURNET-DE 0326447-449 and challenged testimony at lines 183:5-10 and 186:2-21 of the transcript of the May 22, 2018 deposition of Stephen Trundle, and at lines 187:2-188:2 and 195:11-196:13 of the transcript of the May 31, 2108 Deposition of Daniel Kerzner.

**Plaintiffs' Motion** *in Limine* **No. 3** (Size, Wealth, and Overall Revenue):  Plaintiffs'

Motion *in Limine* No. 3 is GRANTED-IN-PART and DENIED-IN-PART.  Evidence of

witnesses' personal wealth is excluded as irrelevant.  Fed. R. Evid. 401-402.  However, a

witness's ownership interest in a company that is a party to this action is relevant and admissible

for the purposes of showing bias.  Further, SecureNet is not permitted to denigrate Plaintiffs by

painting a "David and Goliath" scenario or by referring to Plaintiffs as a leviathan, monopolist,

or other inflammatory terms intended to characterize Plaintiffs' size.  But relevant, factual

statements regarding the parties' relative wealth, market shares, or number of employees are

permitted.

**Defendant's Motion** *in Limine* **No. 1** (Copying):  The Court reserves decision on

Defendant's Motion *in Limine* No. 1.[2]

**Defendant's Motion** *in Limine* **No. 2** (IPR Petitions and Denials of Institution):

Defendant's Motion in Limine No. 2 is GRANTED-IN-PART and DENIED–IN-PART.  The

motion is GRANTED with respect to the petitions for *Inter Partes* Review and the PTAB's

denial of institution of those petitions.  Under Federal Rule of Evidence 403, the court has

discretion to exclude relevant evidence if its probative value is substantially outweighed by a

danger of unfair prejudice, confusing the issues, or misleading the jury.  The PTAB's decisions

denying institution are not decisions on the merits and were decided under a different standard of

proof.  The danger of prejudice and confusion outweighs the probative value of this evidence.

---

[2] At the pretrial conference, Plaintiffs acknowledged that the issue of copying as to an
Alarm.com product is moot as Plaintiffs are not intending to submit evidence that the Alarm.com
product practices the Asserted Patents if the evidence of the previous *Icontrol v. Alarm.com*
litigation is excluded as ordered in response to Plaintiffs' Motion *in Limine* No. 1.  As further
clarity on this issue will be provided by the parties' forthcoming letters, the Court reserves ruling
on Defendant's Motion *in Limine* No. 1 until a later date.

The motion is DENIED to the extent that a witness's prior sworn statements in these actions may be used for purposes of impeachment. Further, in its letter to be filed on or before January 25, 2019, Plaintiffs may explain how a decision denying institution of *Inter Partes* Review is relevant or necessary to respond to particular exhibits identified in SecureNet's letter to be filed on or before January 23, 2019.

**Defendant's Motion *in Limine* No. 3** (Testimony Contrary to Claim Construction): Defendant's Motion *in Limine* No. 3 is DISMISSED-IN-PART as moot and the Court reserves decision on the remaining issues. With respect to issue of whether Plaintiffs' expert contradicts the Court's construction of "connection management component," Plaintiffs agreed during the pretrial conference that they will not prompt or otherwise elicit testimony from Dr. Clark that items 1210 and 1410 are ovals and thus represent the entry points of the procedures described in Figures 12 and 14 of the '619 patent, rather than steps to be performed. SecureNet acknowledged that this would resolve the issue raised in its motion. Thus, the Court DISMISSES as moot the portion of the motion on the issue of "connection management component."

With respect to the issue of whether Plaintiffs' expert contradicts the Court's construction of "gateway," the Court explained that, based on the existing claim construction, it did not "have a problem with what the experts said there" but was concerned about the claim construction. Tr. of Pretrial Conference at 69-70. The Court reserves decision on the aspect of SecureNet's motion addressing Dr. Clark's application of the term "gateway." The Court previously ordered the parties to submit letters stating any objections to the Court's construction of "gateway." D.I. 232. The parties submitted responses to the Court's order on January 18, 2019. D.I. 239, 240.

The Court, having considered the parties' request for clarification of whether the issue of

Alarm.com's standing was adjudicated by prior order of the Court (D.I. 215), FURTHER

ORDERS that Plaintiffs are not required to present evidence of Alarm.com, Inc.'s standing to the

jury and acknowledges that SecureNet has preserved its right to appeal the issue of Alarm.com,

Inc.'s standing.


SO ORDERED this 23 day of January, 2019

Richard G. Andrews

U.S.D.C. Judge