# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALARM.COM, INC. and ICN ACQUISITION, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> SECURENET TECHNOLOGIES LLC, <br><br> Defendant. | CASE NO.: 1:15-cv-00807 (RGA) <br><br> ■■■■■■■■■■■■■■■■■ <br><br> **PUBLIC - REDACTED VERSION** |

## PLAINTIFFS' RESPONSE TO DEFENDANT'S LETTER TO THE HONORABLE RICHARD G. ANDREWS REGARDING PRIOR LEGAL PROCEEDINGS INVOLVING <u>PLAINTIFF ALARM.COM, INC.</u>

OF COUNSEL:

James C. Yoon
Ryan R. Smith
Christopher D. Mays
Mary A. Procaccio-Flowers
Anjuli V. Nanda
WILSON SONSINI GOODRICH & ROSATI, P.C.
650 Page Mill Road
Palo Alto, CA 94304-1050
650.493.9300

Mary B. Matterer (I.D. No. 2696)
Kenneth L. Dorsney, (I.D. No. 3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com
mmatterer@morrisjames.com

Ian R. Liston (I.D. No. 5507)
WILSON SONSINI GOODRICH & ROSATI, P.C.
222 Delaware Avenue, Suite 800
Wilmington, DE 19801
302.304.7609
iliston@wsgr.com

January 25, 2019

Dear Judge Andrews:

    I write on behalf of Plaintiffs Alarm.com, Inc. and ICN Acquisition, LLC (collectively "Alarm.com") in response to Defendant SecureNet Technologies, LLC's ("SecureNet") letter (Dkt. 243) concerning evidence pertaining to prior litigation involving Alarm.com. To the extent admissible as impeachment, any of the below exhibits should be appropriately redacted to exclude prejudicial statements. However, as discussed below, a number of SecureNet's proposed exhibits are not available for impeachment and are inadmissible for a number of additional reasons.

### I. DTX-75, DTX-87, DTX-238, DTX-303, and DTX-245

    Alarm.com does not dispute the use of these five exhibits for the limited purpose of impeachment, to the extent an Alarm.com witness offers contradictory testimony. However, Alarm.com requests that the exhibits be redacted to remove prejudicial references to "antitrust" and/or the FTC's investigation. Alarm.com does not oppose general references to "litigation between Honeywell and Alarm.com" *provided* such references exclude specific mention of "antitrust." Alarm.com is willing to work with SecureNet to identify the appropriate redactions to these exhibits.

### II. DTX-76, DTX-243, and DTX-311

    Alarm.com objects to the use of these exhibits, which relate to opinions from Dr. Israel and reports from his firm, Compass Lexecon, submitted in the antitrust proceedings. Dr. Israel and Compass Lexecon are not witnesses in this litigation. As such, these exhibits are inadmissible hearsay and are irrelevant for impeachment.

    These exhibits should also be excluded because Dr. Israel's and Compass Lexecon's analyses of a "market" under antitrust law will not aid the trier of fact here in considering the second *Panduit* factor: as the Court already noted during the pre-trial conference, such evidence has almost no probative value and will confuse the jury, to Alarm.com's significant prejudice. In short, a "market" for antitrust purposes is different from a "market" under *Panduit*. "For antitrust purposes, a relevant product market is a group of products which are reasonably interchangeable ***by consumers*** for the same purposes. *F.B. Leopold Co., Inc. v. Roberts Filter Mfg. Co., Inc.*, 119 F.3d 15 (Fed. Cir. 1997) (emphasis added) (citing *Tunis Bros. Co. v. Ford Motor Co.*, 952 F.2d 715, 722 (3d Cir.1991)). By contrast, under *Panduit* an appropriate market definition "ensures that any proffered alternative competes in the same market for the ***same customers*** as the infringer's product." *BIC Leisure Products, Inc. v. Windsurfing Int'l, Inc.*, 1 F.3d 1214, 1219 (Fed. Cir. 1993) (emphasis added). Here, neither party sells to ***consumers*** (*i.e.*,

end users of alarm systems); here, the parties' *customers* are security system dealers. Allowing SecureNet to present evidence of market share analyzed under an entirely different (and contradictory) legal framework would introduce substantial confusion and would be highly prejudicial to Alarm.com for reasons the Court has previously noted. *See* Pre-trial Conference Tr. 17:15-18:17.

### III. *Icontrol v. Alarm.com* Litigation Documents

**DTX-78, DTX-79, and DTX-80**: At the pre-trial conference, the Court excluded Alarm.com's pleadings and expert report from the prior *Icontrol v. Alarm.com* litigation. Pre-trial Conference Tr. at 41:10-12 ("But, otherwise, pleadings that Alarm.com introduced in prior litigation, I think should be excluded because I think it has low or almost no probative value. And it is both prejudicial in an unfair way, and it's going to require a lot of explanation…"). SecureNet now wants to introduce at trial Alarm.com's non-infringement and invalidity contentions from that prior litigation. But, such contentions are inadmissible for the same reasons that Alarm.com's pleadings are inadmissible: they constitute hearsay, lack probative value, and are unfairly prejudicial. Alarm.com will not argue at trial that any product accused in the prior litigation of infringing the current patents-in-suit now practices those patents-in-suit.[1] Likewise, as SecureNet conceded at the pretrial conference, the obviousness theories it intends to assert at trial are *different* from those involved in the *Icontrol v. Alarm.com* litigation. Thus, Alarm.com's prior litigation contentions are irrelevant to any issue at trial and should be excluded for the same reasons that the Court excluded the prior invalidity expert report of James Parker. D.I. 242 at 2; Pre-trial Conference Tr. at 63:1-4 ("But otherwise, we're not going to be seeing the Parker report…"). SecureNet is simply seeking to use different documents to again place before the jury the issue of judicial estoppel that the Court found troubling at the pre-trial conference. *Id.* at 40:20-22 ("I don't think that it's good to just put the essentially estoppel in front of the jury, and let them figure it out.").

SecureNet points to deposition testimony by Mr. Trundle concerning his "opinion" of the value of the Asserted Patents and argues that it must be permitted to cross examine Alarm.com's witnesses based on that assertion "if Alarm.com witnesses, such as Mr. Trundle, Mr. Reed or others, rely on Alarm.com's statements regarding the value or 'meaningful[ness]' of the asserted patents." SecureNet's arguments are unfounded. Mr. Trundle is a fact witness and will not be

---

[1] During the pre-trial conference, Alarm.com asserted it will not introduce evidence of copying (SecureNet's *Motion in Limine* No. 2) based on the understanding that evidence of prior litigations (Alarm.com's *Motion in Limine* 1) is excluded. *See* Pretrial Conference Tr. at 58:20-59:7. To the extent this court allows evidence of the prior litigations into trial, Alarm.com reserves its right to introduce evidence of copying.

offering opinions regarding patent valuation. Although Mr. Reed is an expert witness, he will not be offering any opinions pertaining to the *Icontrol v. Alarm.com* litigation. Indeed, Mr. Reed will opine at trial that the hypothetical negotiation in this case would have occurred in 2011 or 2012, more than a year prior to the commencement of the *Icontrol v. Alarm.com* litigation, and would have been between **Icontrol** (as assignee of the patents-in-suit at the time) and SecureNet, not Alarm.com. As such, DTX-78, DTX-79, and DTX-80 lack probative value and would significantly prejudice Alarm.com. The exhibits should be excluded under Rule 403 for the same reasons the Court discussed during the pretrial conference.

**DTX-88**: Use of the document for anything but to show a license agreement is prejudicial to Alarm.com to a degree far exceeding any probative value, and should be barred under Rule 403. This exhibit is a portfolio patent license, so there is no reason why the jury should be told that some of the patents encompassed by the license were part of a prior litigation. To the extent that any background regarding the license is needed, the parties can simply state that the license resolved a litigation between Icontrol and Alarm.com without mentioning the parties' claims, defenses, or positions taken in the litigation.

**DTX-325 to DTX-356** and **DTX-336**: This range of exhibits corresponds to volumes of deposition transcripts from other proceedings involving witnesses that were never identified as witnesses in this case. As such, Alarm.com had no notice regarding use of unidentified witnesses at trial. This deposition testimony from prior litigation is inadmissible hearsay under Rule 802. However, the prior deposition testimony of Mr. Dawes (DTX-325 and DTX-326) and Mr. Trundle (DTX-353 and DTX-354), may be admissible for purposes of impeachment with the restriction not to make prejudicial references to the prior litigation.

Respectfully submitted,

/s/ Kenneth L. Dorsney
Kenneth Dorsney (#3726)

Cc: Clerk of Court (by hand delivery)

All Counsel of Record (by e-filing)