# M<small>ORRIS</small>, N<small>ICHOLS</small>, A<small>RSHT</small> & T<small>UNNELL</small> <small>LLP</small>

1201 N<small>ORTH</small> M<small>ARKET</small> S<small>TREET</small>
P.O. B<small>OX</small> 1347
W<small>ILMINGTON</small>, D<small>ELAWARE</small>  19899-1347

(302) 658-9200
(302) 658-3989 FAX

S<small>TEPHEN</small> J. K<small>RAFTSCHIK</small>
(302) 351-9378
(302) 498-6233 FAX
skraftschik@mnat.com

February 3, 2019

The Honorable Christopher J. Burke          **VIA E-FILING**
United States District Court
  for the District of Delaware
884 North King Street
Wilmington, DE 19801

      Re:    *Alarm.com Inc., et al. v. SecureNet Technologies LLC*
              C.A. No. 15-807 (RGA)

Dear Judge Burke:

      I write on behalf of the parties regarding the *voir dire* and preliminary instructions to be given by Your Honor (D.I. 248).

      ***Voir Dire***: Question 3 includes a list of each member of the parties' trial teams.  Each side recently moved for *pro hac vice* admission for a new trial team member (Anjuli V. Nanda for Alarm.com and Dustin Knight for SecureNet).  Ms. Nanda and Mr. Knight are not included in the version of the *voir dire* approved by Judge Andrews.  The parties agreed to raise the issue so that the Court can modify question 3 to the extent it believes necessary.

      **Preliminary Instructions:** The parties agree that the preliminary jury instructions approved by Judge Andrews (D.I. 251) should be adjusted to remove invalidity defenses that SecureNet has recently dropped from trial.  Specifically, as currently drafted, the instructions recite that SecureNet is asserting invalidity on all of the asserted patents.  SecureNet, however, now intends to raise invalidity only with respect to the '931 Patent, and the parties agree that the jury instructions should be conformed to reflect only the live issues for trial.  This modification would affect the following preliminary instructions (with changes shown in redline):

      Instruction 2:

> SecureNet also denies that it has encouraged or enabled its customers or their subscribers to infringe the asserted patents. SecureNet contends that the asserted claims of the '931 patent~~, the '619 patent, and the '844 patent~~ are invalid because the inventions described therein are found in the prior art. You will resolve questions of infringement and invalidity for ~~each~~the asserted claim~~s~~.

The Honorable Christopher J. Burke
February 3, 2019
Page 2

Instruction 8:

In addition to denying infringement, SecureNet contends that the asserted claims of the '931~~, '619, '844, and '635 patents~~ patent are invalid. SecureNet has the burden of proving invalidity by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence.

Instruction 10:

3. Whether SecureNet has proven by clear and convincing evidence that any of the asserted claims of the ~~three Asserted Patents~~'931 patent are invalid.

A revised set of preliminary jury instructions with these changes accepted is attached as Exhibit 1.

Respectfully,

*/s/ Stephen J. Kraftschik*

Stephen J. Kraftschik (#5623)

SJK
cc:   Clerk of the Court (via hand delivery)
      All Counsel of Record (via electronic mail)